ARNETT ET AL., APPELLANTS, *v.* FAULKNER, APPELLEE.

(No. 9106—Decided March 26, 1962.)

Messrs. *McIntosh & McIntosh*, for appellants.
Messrs. *Rendigs, Fry & Kiely*, for appellee.

LONG, P. J. This is an action by James Arnett and his insurance carrier to recover for damage to Arnett's car. At the conclusion of all the evidence, the court directed a verdict for defendant. It is to reverse this ruling that we have an appeal here.

The facts, briefly stated, are that on May 23, 1958, in broad daylight, at about 5:45 p. m., James Arnett parked his car in a "No Parking" zone on River Road in Cincinnati, Ohio. About five minutes later, the defendant, Faulkner, operating his automobile in a generally westwardly direction, crashed into the rear of Arnett's car, causing the damage complained of. Faulkner, by way of defense, among other things, sets up the contributory negligence of Arnett in parking his car in a no parking zone. There is no question that at the time such parking between four and six o'clock p. m. was violative of the ordinances of the city of Cincinnati. The question which we have to determine is whether such violation of the traffic laws constitutes negligence per se amounting to proximate cause as a matter of law.

We do not think that in every case of negligence per se, the

person so guilty is deprived of his right to claim that such negligence is not the proximate cause of the accident. Each case of this kind must be considered in the light of the facts in such case.

Take the case at bar. There is abundant evidence that the defendant was operating his car at such speed that he could not stop the same within the assured clear distance ahead. There is evidence that defendant was approaching the brow of a hill; that he could stop his car within sixty-five to seventy-five feet; and that he saw Arnett's car when he was four or five car lengths away. This testimony alone indicates that reasonable minds might differ as to defendant's ability to stop his car before colliding with Arnett's car. The law is well settled that proximate cause is a question for the trier of the facts.

It seems to us that regardless of Arnett's unlawful parking, the jury should have determined whether, in spite of Arnett's violation of law, the accident was caused solely by the negligence of defendant and that Arnett's negligence was a remote cause.

We think that the Supreme Court decided this matter in the case of *White* v. *The Ohio Power Co.*, 171 Ohio St., 148, where a motor vehicle was "double parked" in violation of the statutes of Ohio.

"1. Where in an action arising from a motor vehicle collision there is evidence of negligence on the part of the defendant and of contributory negligence on the part of the plaintiff, which contributory negligence may have continued to the moment of impact, a jury question exists as to whether such negligence of the plaintiff proximately contributed to the collision.

"2. The negligence per se of a driver in double parking his vehicle in violation of a municipal ordinance is not as a matter of law the proximate cause of an accident occasioned when said vehicle is struck by a negligently operated second vehicle."

The judgment is, therefore, reversed.

*Judgment reversed.*

HILDEBRANT and KEEFE, JJ., concur.